IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATIONAL ALLIANCE FOR            )
ACCESSIBILITY, INC., a Florida   )
not for profit corporation,      )
and DENISE PAYNE,                )
Individually,                    )
                                 )
            Plaintiff,           )
                                 )        1:11-cv-918
      v.                         )
                                 )
HIGH POINT DEVELOPMENT LIMITED   )
PARTNERSHIP, a North Carolina    )
Domestic Corporation, and 1924   )
HOLDINGS LLC, a North Carolina   )
Limited Liability Company,       )
                                 )
            Defendant.           )

### MEMORANDUM ORDER

This action is one of many in this court in which Plaintiffs National Alliance for Accessibility, Inc. ("NAA") and Denise Payne ("Payne") seek declaratory and injunctive relief against owners and operators of public facilities for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (2006 & Supp. 2012) ("ADA"). Before the court is the second motion of Plaintiffs for an extension of time to effect service on Defendant 1924 Holdings LLC ("1924 Holdings") (Doc. 24) and the motion of Defendant High Point Development Limited Partnership ("High Point Development") to dismiss the action and for sanctions (Doc. 25). For the

reasons set forth below, the court grants Plaintiffs' motion to extend the time to serve the amended complaint and denies High Point Development's motion and related request for sanctions.

**I.   BACKGROUND**

From her home state of Florida, Payne, who is disabled, and the organization she founded, the NAA, seek to promote equality for disabled individuals through ADA litigation. (Doc. 9 ¶¶ 5, 12.) Payne alleges that in July 2010 and October 2011, she visited the Oak Hollow Mall in High Point, North Carolina, which she alleges Defendants own, and observed several violations of the ADA. (Id. ¶¶ 7-10.)

Plaintiff filed this action, alleging ADA violations, on October 27, 2011. (Doc. 1.) High Point Development was served with the summons and complaint in December 2011, failed to respond timely, and default was entered against it. (Doc. 8.)

Plaintiffs learned that High Point Development sold the Oak Hollow Mall and filed an amended complaint naming Defendant 1924 Holdings, the alleged new owner, on January 3, 2012. (Doc. 9.) High Point Development also moved for, and was granted (with Plaintiffs' consent), an order setting aside the default against it. (Docs. 14, 18.)

Plaintiffs attempted service on Defendant 1924 Holdings but learned that its registered agent listed by the North Carolina Secretary of State, William Duncan, was deceased and had not

2

been replaced.  Consequently, Plaintiffs were unable to effect service and sought an extension to do so.  (Doc. 19.)  The court entered an Order extending until March 24, 2012, the time to serve 1924 Holdings (Doc. 21), but the deadline passed without service.

On May 10, 2012, Plaintiffs moved to extend again the time for serving 1924 Holdings.  (Doc. 24.)  Plaintiffs assert that they attempted service but were "unable" to identify an officer or registered agent by March 24, 2012.  (Doc. 24 ¶ 9.) According to Plaintiffs, on March 14, 2012, the property manager for the Oak Hollow Mall informed them that the new registered agent could be contacted at High Point University, and that "Plaintiff [sic] eventually made contact with a Denny Bolton at High Point University" who confirmed that he would be assuming the role of the registered agent but declined to provide an address, noting rather that the N.C. Secretary of State's website would be updated with the information.  (Id. ¶ 11.) Plaintiffs assert that they checked the N.C. Secretary of State's website "[o]n several occasions" after this conversation but that "no updated information was available" before the expiration of the extension and they were unable to determine the officers of 1924 Holdings.  (Id. ¶¶ 9, 12.)

Defendant High Point Development has produced a copy of the N.C. Secretary of State's website showing that on March 22,

3

2012, 1924 Holdings filed a Statement of Change of Registered Office and/or Registered Agent ("Registered Agent Filing") naming Denny G. Bolton as 1924 Holdings' registered agent and providing an address of 833 Montlieu Avenue, High Point, North Carolina 27262. (Doc. 26-1.) The Registered Agent Filing is signed by Mr. Bolton, as registered agent, and Seth M. Huffstetler, 1924 Holdings' Organizer, and is dated March 12, 2012. (Id.)

Defendant High Point Development now moves to dismiss the complaint as against 1924 Holdings on three grounds: (1) Plaintiffs' failure to serve 1924 Holdings within 120 days, as required by Federal Rule of Civil Procedure 4(m), (2) Plaintiffs' failure to submit a brief with its motion for an extension of time to serve the complaint on 1924 Holdings, in violation of Local Rule 7.3, and (3) Plaintiffs' failure to confer with Defendants' counsel prior to filing its motion, in violation of Local Rule 6.1(a).

## II. ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

4

Fed. R. Civ. P. 4(m). Plaintiffs acknowledge that they did not serve 1924 Holdings within 120 days of the filing of the complaint, but they argue they have been diligent in their efforts to locate that Defendant's registered agent. High Point Development argues that good cause has not been shown.

The court need not decide whether good cause exists so as to mandate an extension to serve 1924 Holdings, because even without it the court has the discretion to order that service be made within a specified time. Lane v. Lucent Techs., Inc., 388 F. Supp.2d 590, 596-97 (M.D.N.C. 2005); see also DiPaulo v. Potter, 570 F. Supp. 2d 802, 806-07 (M.D.N.C. 2008) (noting that the current Rule 4(m) does not require a showing of good cause). The record demonstrates that Plaintiffs attempted to serve 1924 Holdings, only to find that its registered agent listed with the Secretary of State was deceased. Plaintiffs investigated further to determine the identity of the new registered agent and learned it was Mr. Bolton. Plaintiffs contacted Mr. Bolton sometime after March 14, 2012, but before March 24, 2012, to determine the address at which to serve him, but he declined to give it at that time and deferred to the fact that it would soon be listed on the Secretary of State's website. However, it is apparent from High Point Development's evidence that even before this conversation Mr. Bolton had already signed the Registered Agent Filing, subsequently filed with the Secretary of State,

5

which provided the information Plaintiffs requested and needed to effect service (indeed, the address for the registered agent did not change). While Plaintiffs presumably could have checked the Secretary of State's website between March 14 and the expiration of the extension on March 24 to determine whether the Registered Agent Filing had been posted,[1] it is nevertheless clear that at the time of his conversation with Plaintiffs Mr. Bolton possessed the service information Plaintiffs sought. Further, while the Registered Agent Filing bears a note it was filed March 22, 2012, only two days before the expiration of the Plaintiffs' extension, there is no evidence in the record as to when it was posted on the website.

Under these circumstances, the court, in its discretion, is not inclined to order dismissal but rather will extend the time for serving the amended complaint on 1924 Holdings 30 days following the date of this Order.

---

[1] To be sure, Plaintiffs could have served the Secretary of State once they discovered that Mr. Duncan was deceased. Under applicable North Carolina law, when a limited liability company such as 1924 Holdings "shall fail to appoint or maintain a registered agent in [North Carolina], or whenever its registered agent cannot with due diligence be found at the registered office," the N.C. Secretary of State "shall be an agent of the limited liability company upon whom any process, notice, or demand may be served." N.C. Gen. Stat. § 57C-2-43(b); see id. §§ 55D-30, 55D-31, 55D-33(b). But where Mr. Bolton informed Plaintiffs that he was to assume the position of 1924 Holdings' registered agent, Plaintiffs' failure to serve the Secretary of State in lieu of waiting for the registered agent's address and in light of Plaintiffs' discussion with Mr. Bolton was not unreasonable.

6

It is true that Plaintiffs have failed to file a brief with their motion and allegedly failed to consult with High Point Development before filing their motion. While the court does not condone the former violation of the local rules, the issue is admittedly straightforward.[2] As to the latter alleged violation, Plaintiffs claim they did consult with High Point Development, which took the position it was a disinterested bystander. Even consent by Defendant High Point Development would not have avoided Plaintiffs' motion for an extension of time to serve the complaint because High Point Development does not speak for Defendant 1924 Holdings and the issue is ultimately one for the court to decide. High Point Development has not identified any prejudice to it, either from the failure to follow any local rule or from the delay in service.[3] Plaintiffs, who have filed scores of cases nationwide, are cautioned to observe this court's local rules in all actions in this district.

### III. CONCLUSION

For the foregoing reasons,

---

[2] By way of contrast, no brief is required (unless otherwise directed by the court) for a motion requesting an extension of time filed before the expiration of the period prescribed. M.D.N.C. LR 7.3(j)(2). Here, Plaintiffs filed their second motion for extension of time (Doc. 24) after the period set out in a previous order.

[3] Because High Point Development opposes Plaintiffs' motion to extend the time to serve 1924 Holdings, the court presumes that High Point Development would have held the same position during any meet and confer.

7

IT IS ORDERED that Plaintiffs' motion for an extension to serve Defendant 1924 Holdings (Doc. 24) is GRANTED, and Plaintiffs shall have thirty (30) days from the entry of this Order within which to effect service.

IT IS FURTHER ORDERED that Defendant High Point Development's motion to dismiss and for sanctions (Doc. 25) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

October 31, 2012